IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA OCHOA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PSP FRANCHISING LLC, SAI 1 FRANCHISING LLC, SAI 2 FRANCHISING LLC, SAI 3 FRANCHISING LLC, SAI FRANCHISING 4 LLC, SAI 5 FRANCHISING LLC, SAI 6 FRANCHISING LLC d/b/a DUNKIN' DONUTS, | § § § § § § § § § § § § § | Civil Action No. 5:20-1064 |
| Defendants. | § § | |

---

## PLAINTIFF MARIA OCHOA'S ORIGINAL COMPLAINT AND JURY DEMAND

---

1. This is an action for unlawful interference and retaliation under the Family and Medical Leave Act. Plaintiff Maria Ochoa was formerly employed by Defendants PSP Franchising and its sister entities, Defendants SAI 1 Franchising, LLC, SAI 2 Franchising LLC, SAI 3 Franchising, LLC, SAI Franchising 4, LLC, SAI 5 Franchising, LLC, SAI 6 Franchising, LLC. These entities, all owned, operated, and managed by Kishore Samtani, constitute a single integrated enterprise and operate under the name Dunkin Donuts in the San Antonio Metropolitan Area.

1

2.      After being diagnosed with a serious health condition that required surgery, Plaintiff took a leave of absence for the surgery and convalescence. Plaintiff was not offered FMLA leave even though her leave was FMLA-qualifying. In fact, she was made to work from home while convalescing in order to remain employed. Plaintiff was then fired while on convalescing at home for allegedly falsifying her return-to-work date. Defendant's stated reason for interference and retaliation under the Family and Medical Leave Act. Plaintiff Maria Ochoa was formerly employed terminating Plaintiff was false, and the real reason for the termination was Defendant's animus against Plaintiff for taking FMLA-qualifying leave. Plaintiff now brings this action for wrongful discharge under the FMLA.

**Parties**

3.      Plaintiff Maria Ochoa is an individual residing at 3434 Oakdale St., San Antonio, Texas 78229. She may be served with papers in this case through the undersigned counsel.

4.      Defendant PSP Franchising, L.L.C. d/b/a Dunkin' Donuts is a limited liability company organized under the laws of the State of Texas. According to records on file with the Texas Secretary of State, it maintains its principal place of business at 11410 Rendevous Dr., San Antonio, Texas 78216. It may be served with process through its registered agent Kishore Samtani at 9615 Single Spur, San Antonio, Texas 78254.

5.      Defendant SAI 1 Franchising, L.L.C. d/b/a Dunkin' Donuts is a limited liability company organized under the laws of the State of Texas. According to records on file with the Texas Secretary of State, it maintains its principal place of business at 11410 Rendevous Dr., San Antonio, Texas 78216. It may be served with process through its registered agent Kishore Samtani at 9615 Single Spur, San Antonio, Texas 78254.

6. Defendant SAI 2 Franchising, L.L.C. d/b/a Dunkin' Donuts is a limited liability company organized under the laws of the State of Texas. According to records on file with the Texas Secretary of State, it maintains its principal place of business at 11410 Rendevous Dr., San Antonio, Texas 78216. It may be served with process through its registered agent Kishore Samtani at 9615 Single Spur, San Antonio, Texas 78254.

7. Defendant SAI 3 Franchising, L.L.C. d/b/a Dunkin' Donuts is a limited liability company organized under the laws of the State of Texas. According to records on file with the Texas Secretary of State, it maintains its principal place of business at 11410 Rendevous Dr., San Antonio, Texas 78216. It may be served with process through its registered agent Kishore Samtani at 9615 Single Spur, San Antonio, Texas 78254.

8. Defendant SAI 4 Franchising, L.L.C. d/b/a Dunkin' Donuts is a limited liability company organized under the laws of the State of Texas. According to records on file with the Texas Secretary of State, it maintains its principal place of business at 11410 Rendevous Dr., San Antonio, Texas 78216. It may be served with process through its registered agent Kishore Samtani at 9615 Single Spur, San Antonio, Texas 78254.

9. Defendant SAI 5 Franchising, L.L.C. d/b/a Dunkin' Donuts is a limited liability company organized under the laws of the State of Texas. According to records on file with the Texas Secretary of State, it maintains its principal place of business at 11410 Rendevous Dr., San Antonio, Texas 78216. It may be served with process through its registered agent Kishore Samtani at 9615 Single Spur, San Antonio, Texas 78254.

10. Defendant SAI 6 Franchising, L.L.C. d/b/a Dunkin' Donuts is a limited liability company organized under the laws of the State of Texas. According to records on file with the Texas Secretary of State, it maintains its principal place of business at 11410 Rendevous Dr., San

Antonio, Texas 78216. It may be served with process through its registered agent Kishore Samtani at 9615 Single Spur, San Antonio, Texas 78254.

## Jurisdiction

11.     The Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. Section 1331 because Plaintiff's claims are brought under a federal statute, the FMLA. The Court possesses personal jurisdiction over Defendant because Defendant conducts business in Texas and maintains offices in Texas. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred within the geographic confines of the San Antonio Division.

## Cause of Action: Unlawful Interference and Retaliation in Violation of the FMLA

12.     Plaintiff re-alleges and incorporates by reference Paragraph 1 through 11 supra.

13.     Defendants operate a chain of Dunkin Donuts restaurants in the San Antonio Metropolitan Area. Defendants operate as a single integrated enterprise, and together, qualify as an employer within the meaning of the FMLA. This is because Defendants operate under common ownership and upper management; employees are regularly moved from one defendant's location to another; operations between the Defendants is closely interrelated and integrated; and there is centralized control over finances and labor relations.

14.     At all times relevant to this lawsuit, Defendants engaged in commerce. Moreover, in both 2018 and 2019, Defendants employed more than 50 employees for each working day during each of 20 or more calendar workweeks.

15.     Plaintiff was at all times an employee of Defendants within the meaning of the FMLA. Plaintiff commenced employment with Defendants in 2015 as a crew member at one of

Defendant's locations in San Antonio, Texas, and then, over the course of time, steadily received promotions into management due to her good work.

16.     In April of 2020, Plaintiff's physician diagnosed her with a cyst on her ovary that required surgery. On April 13, 2020, Plaintiff learned that her surgery would be on May 11, 2020. She promptly informed management of her need for surgery and leave. On May 10, 2020, Plaintiff again reminded her superiors that she would be out for surgery and convalescence. Plaintiff's leave was FMLA-qualifying in that her medical condition constituted a serious health condition under the FMLA, and Plaintiff's requested leave was indeed FMLA-qualifying in that Plaintiff had been employed for more than a year and Plaintiff had worked in excess of 1250 hours in the preceding 12 months.

17.     Even though Plaintiff's leave was FMLA-qualifying, Defendant failed to offer Plaintiff FMLA leave. She was not given any FMLA paperwork and was not informed of her rights under the FMLA.

18.     Plaintiff's surgery went forward on May 11, 2020 as planned. On or about May 26, 2020, Plaintiff returned to her doctor for a follow-up visit with her physician, who advised her that she was not allowed to return to work until June 29, 2020. Plaintiff was given a doctor's note to this effect, which she texted to Defendants' owner. Sometime shortly thereafter, in clear violation of the FMLA, Plaintiff was summoned to the corporate office for a meeting with Defendants' owner. Because she could not drive, Plaintiff was given a ride to the office by her daughter. At the meeting, Defendants' owner expressed annoyance that Plaintiff would not be released until the end of June. Plaintiff was informed that she would have to do schedules and inventory at home. Plaintiff agreed, which is—in and of itself—a violation of the FMLA.

19. One June 4, 2020, again in violation of the FMLA, Plaintiff was summoned for another meeting at Defendant's corporate office. At this meeting, Defendants' owner challenged the veracity of the doctor's note that Plaintiff had previously submitted excusing her from work through June 29, 2020. Defendants' owner stated that she had (without Plaintiff's knowledge or authorization) contacted the doctor's office, and that the receptionist stated that Plaintiff had been released effective May 27, 2020. Plaintiff was stunned, and she insisted that the doctor's note she previously provided was authentic in all respects. Defendants' owner would hear none of it and terminated Plaintiff from employment on the spot.

20. Plaintiff avers that Defendants unlawfully interfered with her right to take FMLA leave, and further, that Defendants' stated reason for terminating Plaintiff was false and a pretext for unlawful retaliation against Plaintiff for taking FMLA-qualifying leave.

21. As a result of Plaintiff's wrongful and illegal termination from employment, Plaintiff has suffered lost wages and benefits, and she will likely continue to suffer such damages in the future. Because Defendants cannot possibly establish that its actions towards Plaintiff were taken in good faith and that it had objectively reasonable grounds for believing that its actions toward Plaintiff, including the discharge of Plaintiff, did not violate the FMLA.

22. Lastly, because Plaintiff has been forced to retain legal counsel to vindicate her legal rights, Plaintiff is entitled to an award of attorney fees.

### Jury Demand

23. Plaintiff demands a trial by jury.

### Conclusion and Prayer

24. Plaintiff prays that upon final judgement she be awarded the following from Defendants, jointly and severally:

a. Lost wages and benefits in the past and in the future;

b. Liquidated damages;

c. Attorney fees;

d. Costs of court;

e. Post-judgment interest; and

f. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
Federal Bar No. 19048
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
MARIA OCHOA